STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HERMAN LEE, PLAINTIFF IN ERROR.

Submitted June 6, 1924—Decided October 24, 1924.

1. The fact that the trial judge instructed the jury to confine its deliberations to the first count of the indictment, which charged that the defendant stole and carried away an automobile, and to exclude from consideration the second count charging receiving it knowing it to have been stolen, constitutes no reason for reversal of the conviction upon the first count, where that conviction, and that alone, was justified by the evidence.

2. Evidence examined and the verdict found not to be against the weight of the evidence.

3. Whether review is sought by assignments' of errors on bills of exceptions or by specifications of causes for reversal pursuant to

sections 136 and 137 of our Criminal Procedure act, the grounds of error or causes for reversal must be definitely pointed out and assigned or specified with sufficient precision to apprise opposing counsel and the court of the injury complained of. In order to avail the plaintiff in error, where the objection is to the admission or rejection of evidence, the grounds of error or specifications of causes for reversal should point out the precise evidence which was erroneously admitted and the precise offer which was erroneously rejected.

On error to the Atlantic County Quarter Sessions Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff in error, *Carlton Godfrey* and *William I. Garrison.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas, and *S. Cameron Hinkle,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The indictment contained two counts, the first charging the defendant with stealing an automobile, and the second with receiving it, knowing it to have been stolen. He was convicted upon the first count.

The defendant apparently undertook to review the conviction both by assignments of error on bills of exception and by specifications of causes for reversal pursuant to sections 136 and 137 of our Criminal Procedure act. The assignments and causes are identical as to subject-matter.

The first point properly raised is that the trial judge erred in charging the jury to confine its deliberations to the first count, which charged that the defendant stole and carried away the automobile, and to exclude from consideration the second count charging receiving the automobile, knowing it to have been stolen. But that constitutes no cause for reversal of the conviction upon the first count where, as here, that conviction, and that alone, was justified by the evidence.

As permitted by chapter 349 of *Pamph. L.* 1921, the de-

fendant assigned as error that the verdict was against the weight of the evidence, and that is his main reliance.

Our examination of the evidence satisfies us that the verdict is not against the weight of the evidence.

The evidence showed that Mr. Wood's automobile (prac tically new and worth $700) was stolen on the evening of March 16th, 1923, after it had been "parked" by him near a moving picture show in Pleasantville, Atlantic county, which he was attending. It showed that the defendant was "around that moving picture theatre on that evening." The evidence further tended to show that the stolen automobile was in the possession of the defendant at his premises at Scullville, in Atlantic county, on March 17th, 1923, the day following, and that soon thereafter it was taken by the defendant to Ocean City, in Cape May county, to a private garage used by the defendant, where it was kept, without being moved at all, until Sunday, March 25th, 1923, when it was brought by the defendant to his home in Scullville for the purpose of selling it to one Becker. The evidence showed that on that day the defendant, while actually engaged in its sale for $350, was arrested, and, upon being arrested, returned to Becker the latter's check for $350, and Becker returned to the defendant the bill of sale which the latter had given him.

The defense was that the automobile being sold was not the stolen automobile of Mr. Wood. Upon that question of identity the testimony was overwhelming against the defendant. The defendant denied that he stole the automobile, and denied that the automobile which he was selling was the stolen automobile. He testified that he had purchased the automobile for $500 from one Alberson in Philadelphia ten days before the automobile in question was stolen, and that he had put it in his garage in Ocean City, and that it had not been out of that garage until he brought it out for the purpose of sale.

The jury discredited that story, and, we think justly so. It had for its sole support the testimony of the defendant himself and his wife, which was not of a persuasive character,

and, in view of the state's evidence, and the defendant's admissions as to his statements and conduct at the time of his arrest, the jury was quite justified in disbelieving it.

The remaining assignments of error and specifications of causes for reversal are, because the trial court (1) "permitted irrelevant, immaterial and illegal testimony to be introduced in evidence on the part of the state;" (2) "refused to permit legal, competent and relevant testimony to be introduced on the part of the defendant;" (3) "refused to strike out incompetent, irrelevant and immaterial testimony;" (4) "refused to permit counsel for the defendant to examine witnesses on subjects and testimony already introduced by the prosecutor." All these are too general to avail the plaintiff in error. Whether review is sought by assignments of error on bills of exception or by specifications of causes for reversal, pursuant to sections 136 and 137 of our Criminal Procedure act, the grounds of error or causes for reversal must be definitely pointed out and assigned or specified with sufficient precision to apprise the opposing counsel and the court of the injury complained of. *State* v. *Herron, 77 N. J. L.* 523; *State* v. *McCormack,* 93 *Id.* 287; *affirmed,* 94 *Id.* 262; *State* v. *Lewis,* 98 *Id.* 618. As was said by Mr. Justice Swayze, speaking for the unanimous Court of Errors and Appeals in State *v.* Herron, they "should, therefore, where the objection is to the admission or rejection of evidence, point out the precise evidence, which was erroneously admitted, and the precise offer which was erroneously rejected. If this is not done it becomes incumbent upon counsel for the state and the court to examine the whole of a record, which may be very voluminous, and the object of the act is not achieved. We think the causes as assigned in this case are too general to avail the plaintiff in error."

However, in order to see that no injustice has been done, we have examined the entire record, and are entirely satisfied that there was no error.

The judgment below will be affirmed.