THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE OLIVER, PLAINTIFF IN ERROR.

Submitted March 13, 1925—Decided October 7, 1925.

**Crimes—Assault and Battery—Assignments of Error Alleging Illegal Testimony, &c., Found Not to Constitute Error.**

On writ of error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *David F. Barkman.*

For the defendant in error, *James H. Bolitho,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted of assault and battery and attempted rape. There is no certificate of the entire record of the trial under section 136 of the Criminal Procedure act, and, consequently, the case is before us on strict writ of error, and the plaintiff in error is confined to his bill of exceptions.

The first assignment of error alleges, generally, the admission of illegal testimony. This is futile under the well-settled rule. *State* v. *Lee,* 126 *Atl. Rep.* 471; *State* v. *Comstock,* 95 *N. J. L.* 321.

The second assignment challenges the refusal of the court to "dismiss the indictment and discharge the defendant at the close of the state's case;" and the fifth is that the verdict of the jury was illegal and improper and not founded on any evidence supporting a legal conviction. The erroneous verdict of a jury does not constitute legal error, and, as to the refusal of the court to dismiss the indictment and discharge the defendant, such a motion was tantamount to a motion to direct an acquittal at the close of the state's evidence, and this, under well-settled rules, is discretionary, and not a ground of appeal on a strict writ of error. Burnett v. *State,* 62 *N. J. L.* 510; *State* v. *Jaggers,* 71 *Id.* 281, 283; *State* v. *Lieberman,* 80 *Id.* 506; *State* v. *Metzger,* 82 *Id.* 749. We may add that no exception was sealed to the refusal, and, therefore, it cannot be availed of in error.

The third assignment of error is that there was no proof of the commission of or attempt to commit any crime as charged in the indictment; and the fourth, that the allegations of the indictment were not proven, and, therefore, there could be no conviction. Neither of these assignments point to any judicial action.

The sixth assignment of error alleges general error in the judgment and sentence, but points to nothing specific, and is obnoxious to the criticism made above with respect to the first assignment.

No judicial error having been pointed out, the judgment will be affirmed.