STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL CHIACCIO, PLAINTIFF IN ERROR.

Submitted October 16, 1925—Decided January 21, 1926.

**Crimes—Receiving Stolen Goods—Several Points Raised by Defendant Considered and Found Without Merit—Indictment Found in Oyer, and Tried in Sessions Without Order of Transmittal—Held, That Objection is Now Untenable, the Regularity of the Proceedings Not Having Been Challenged at the Time.**

On error to the Somerset Quarter Sessions.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff in error, *Romulus P. Rimo.*

For the defendant in error, *James I. Bowers,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted on an indictment charging him with receiving stolen goods. There is no certificate of the entire record of the proceedings had at the trial under section 136, and, therefore, the case comes before us as on strict writ of error. We notice a certificate made by the official stenographer, but that has no legal efficacy on this phase of the case. *State* v. *Ramage,* 91 *N. J. L.* 435. Hence, the first point made that the verdict was against the weight of evidence, is not before us for consideration, as that point can only be urged when the case is brought up under section 136.

The second point is: "The court excluded legal, relevant and competent testimony." And the fourth, that the court admitted illegal evidence for the state over the objection of the defendant. These assignments of error are futile be-

cause they do not specify anything. *State* v. *Oliver,* 130 *Atl. Rep.* 446.

The third point is that the court refused to quash the indictment. This, however, is not reviewable in error. *State* v. *Potter,* 83 *N. J. L.* 428. The court did, in fact, quash the second count of the indictment, but we assume that this assignment is directed to the first count.

The fifth and last point is that the Court of Quarter Sessions had no jurisdiction to try the case because the indictment was found in the Oyer, and there was no order of that court transmitting it to the Sessions for trial. The answer to this is that section 6 of the Criminal Procedure act the Court of Quarter Sessions may receive indictments in the absence of the justice of the Supreme Court, "and all indictments so received which are not triable in the Court of Quarter Session shall be delivered by said courts to the Courts of Oyer and Terminer in their respective counties." In *Winters* v. *State,* 61 *N. J. L.* 613, it was held in the Supreme Court that under this language the Court of Quarter Sessions had power to try the indictment without any order from the Oyer. The case was taken to the Court of Errors and appeals (*Ibid.*), and that court held that it was not necessary to decide the point, because the regularity of the proceedings should have been challenged at the time and was not. Such was the situation in the case at bar; so that, both for the reason given by the Supreme Court in the Winters case, which is a precedent for us, and for the reason given by the Court of Errors and Appeals, the objection now taken is untenable.

The judgment will be affirmed.